IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Parker, | ) | C/A No.: 0:15-521-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Schaeffler Group USA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case originally filed in federal court on February 4, 2015, Anthony Parker ("Plaintiff") sues his former employer, Schaeffler Group USA ("Defendant"), for race discrimination, age discrimination, retaliation, and failure to pay him for earned vacation time. [ECF No. 1].[1] This matter comes before the court on Plaintiff's motion for summary judgment filed on March 27, 2015 [ECF No. 24], and Plaintiff's motion to strike Defendant's response to his motion for summary judgment [ECF No. 26]. The motions having been fully briefed [ECF Nos. 25, 27, 28], they are ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule

---

[1] Although Plaintiff does not state the legal basis for his claims in his complaint, the court liberally construes his discrimination and retaliation claims based on race as brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, his discrimination and retaliation claims based on age as brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and his claim for failure to pay vacation time as brought pursuant to the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, *et seq.*

73.02(B)(2)(g) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration.

I.  Factual Background

Plaintiff is a black male over the age of 40. [ECF No. 1 at 3]. On March 1, 2014, Defendant hired Plaintiff as a third shift punch press supervisor. [ECF Nos. 24-1 at 2, 24-2]. Plaintiff alleges he signed an employment contract that included a 90-day probationary period.[2] Plaintiff alleges that during his second week of employment, he reported to human resources and to his supervisor that he had observed a white male supervisor under 40 terminate the employment of a black male under 40 for insubordination, but that white males had not been terminated for insubordination. [ECF No. 24-1 at 2].

Plaintiff's employment ended on May 30, 2014, after he refused to sign an acknowledgement of a second 90-day probationary agreement. [ECF No. 24-2 at 4]. On October 22, 2014, SCDEW found Plaintiff was discharged for cause for failing to acknowledge the extension of his probation. *Id.* at 5.

II.  Discussion

A.  Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[2] Neither party has provided a copy of the alleged employment contract that includes reference to a 90-day probation period, although the parties do not appear to dispute this allegation. Many of the allegations, both disputed and undisputed, are not supported by citation to the record. The undersigned has cited to the briefing for such propositions.

2

of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

    B.    Analysis of Summary Judgment Motion

        1.    Discrimination and Retaliation Claims

Defendant argues that Plaintiff's motion for summary judgment must fail because there are genuine disputes of material fact. For instance, Defendant argues that Plaintiff can not show that he suffered an adverse employment action, which is an element of his prima facie case for his race discrimination, age discrimination, and retaliation claims.

3

[ECF No. 25 at 7]. Defendant claims that Plaintiff voluntarily resigned. *Id*. Plaintiff argues that the SCDEW Appellate Panel decision ("SCDEW decision"), finding that he was discharged for refusing to sign the probation extension, is controlling to show that he did not quit. [ECF Nos. 24-1 at 2–3; 28 at 2]. The court is not constrained by the SCDEW decision, as the administrative process surrounding employment benefits contains different evidentiary hurdles than this court. *See Askins v. Starting Point*, C/A No. 4:12-3547-RBH, 2014 WL 4063036, *7 (D.S.C. Aug. 14, 2014) (finding that a SCDEW decision had no precendential value, as the administrative process is designed to present low evidentiary hurdles.) The undersigned also notes that if the SCDEW decision were controlling, Plaintiff could not meet his greater burden of showing Defendant terminated him for discriminatory or retaliatory reasons, as the SCDEW decision found he was "discharged for cause connected with his employment." [ECF No. 24-2 at 4].

Neither party has submitted evidence showing whether Plaintiff suffered an adverse employment action, other than their own arguments.[3] Therefore, because there is a genuine dispute as to whether Plaintiff suffered an adverse employment action, he is not entitled to summary judgment on his discrimination and retaliation claims.[4]

---

[3] The undersigned recognizes that Plaintiff's motion for summary judgment was filed just over three weeks after the scheduling order was issued, and Defendant's response was timely filed with over five months remaining for discovery. Therefore, the parties may not have had access to sufficient evidence to create a record at the time of briefing.

[4] The undersigned states no opinion regarding whether additional disputes of material fact exist at this time in light of intervening discovery.

4

2.  Wage Payment Claim

Plaintiff alleges he was entitled to 2.6 vacation days, but was only paid for one vacation day. [ECF No. 24-1 at 4]. Defendant claims Plaintiff was entitled to 20 hours of vacation, 8 of which he used during his employment, 8 of which he was paid on June 25, 2014, and 4 of which he was paid on October 3, 2014. [ECF Nos. 25 at 9, 25-2, 25-3, 25-4, and 25-5].

A review of the record reveals there is a dispute of material fact as to whether Plaintiff has been paid for all of his vacation days. For instance, Plaintiff appears to admit only that he has been paid for 8 hours of vacation pay, and does not address whether he used a vacation day while employed or whether he received payment for 4 hours on October 3, 2014. Defendant fails to address inconsistencies in the documents submitted, such as the offer letter's promise of 10 days of prorated vacation [ECF No. 25-2] and the Terms of Employment for Salaried Employees indication that Plaintiff was entitled to 8 vacation days for 2015 [ECF No. 24-2]. Therefore, the undersigned recommends Plaintiff's motion for summary judgment be denied as to his wage payment claim.

C.  Plaintiff's Motion to Strike Defendant's Response

In his motion to strike, Plaintiff requests the court strike, pursuant to Fed. R. Civ. P. 12(f), Defendant's response to his motion for summary judgment because he did not timely receive the response. [ECF No. 26]. Counsel for Defendant indicates they sent a file-stamped copy of the response to Plaintiff's address of record by certified mail, return receipt requested, on April 13, 2015. [ECF No. 27-1]. The response was returned to

5

counsel for Defendant as "unclaimed." [ECF No. 27-2 at 3]. Counsel for Defendant again sent it to Plaintiff by priority mail on June 9, 2015. *Id*. at 2.

Plaintiff's motion to strike is denied, as Fed. R. Civ. P. 12(f) applies only to responsive pleadings and does not address responses to motions. Additionally, Defendant has submitted proof of its attempt to serve Plaintiff at the address he provided and proof that the response was returned as unclaimed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for summary judgment [ECF No. 24] and motion to strike [ECF No. 26] be denied.

IT IS SO RECOMMENDED.

September 15, 20145                           Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).